958 F.2d 372
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory T. DAVIS, Defendant-Appellant.
 No. 91-1367.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1992.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Gregory Troy Davis appeals his conviction and sentence for the use of a firearm in relation to a drug trafficking offense. The sole issue on appeal is whether sufficient evidence exists to support defendant's conviction on the charge of using a firearm in relation to a drug trafficking offense. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 Detroit Police Officer Ronald Murphy testified that on August 30, 1990, he went to defendant's residence to attempt a purchase of narcotics. Murphy met defendant on his front porch and negotiated with him for the purchase of one pack of marijuana. Officer Murphy stepped into the house and received a small white envelope containing marijuana in exchange for $20.00 in previously recorded Secret Service Funds. During the transaction Officer Murphy observed a partially concealed revolver located on the dining room table, approximately twenty feet from where the drug transaction was occurring. Officer Murphy stated that what appeared to be the butt of a revolver was sticking out of a purple Crown Royal bag.
 
 
 3
 Subsequently, Detroit Police Officers, under the supervision of Detroit Police Sgt. Earl White, executed a search warrant at defendant's residence. After gaining entry to the home, the police detained defendant and placed him under arrest. As a result of a search of the residence, the police recovered a loaded .38 caliber colt army special revolver and a box of white coin envelopes from the dining room table. The search of the residence also revealed four more packages of small white coin envelopes on a table near where defendant was arrested. These envelopes contained marijuana. A search of defendant incident to arrest recovered another small white coin envelope containing marijuana and $86.00 in cash, $20.00 of which was the pre-recorded Secret Service Funds which Officer Murphy had used to make the narcotics purchase.
 
 
 4
 After his arrest, defendant was advised of his rights by Special Agent Randall Evans of the Bureau of Alcohol, Tobacco and Firearms. Defendant signed a written waiver of his rights and made the following statement to Agent Evans:
 
 
 5
 I Gregory Davis state that I reside at 2315 Tuxedo, Detroit, Michigan. I was at 2315 Tuxedo when police officers conducted a search warrant at my residence today. (Date: 8-30-90) The marijuana that was found in my residence belonged to me. The 38 caliber handgun found apartment [sic] in my residence was mine and I used it to protect my home. The gun was found in the living room and the marijuana was also found in the living room on another table. Agent Evans and Parker have not made any threats or promises to me to make this statement. I have had the chance to read this statement and make changes.
 
 
 6
 Defendant signed the statement in the presence of Agent Evans. Finally, following defendant's arrest, Agent Evans returned to defendant's home and determined that it is located approximately 425 feet from Central High School in Detroit, Michigan.
 
 B.
 
 7
 Defendant was indicted on September 18, 1990, in a three-count indictment. Count One of the indictment charged defendant with distribution of marijuana within 1000 feet of a public school in violation of 21 U.S.C. §§ 841(a)(1) and 845(a). Count Two of the indictment charged defendant with possession with intent to distribute marijuana within 1000 feet of a public school in violation of 21 U.S.C. §§ 841(a)(1) and 845(a). Count Three of the indictment charged defendant with using a firearm during and in relation to the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).
 
 
 8
 A bench trial was conducted on December 6, 1990. The government offered four witnesses and several exhibits. Defendant offered no evidence; however, he did not dispute his guilt as to Counts One and Two. Thus, the sole issue presented at trial was whether the partially concealed firearm which was present during the drug transaction was used "in relation to" the drug offense within the meaning of 18 U.S.C. § 924(c) as charged in Count Three.
 
 
 9
 Defendant was found guilty on all three counts. He was sentenced to eight months imprisonment on Counts One and Two, with those sentences to run concurrently, and sixty months imprisonment on Count Three with that sentence to run consecutively to the sentences on the other two counts. This timely appeal followed.
 
 II.
 
 10
 On appeal, defendant argues that there was insufficient evidence to support his conviction on Count Three, the firearms charge. Specifically, he argues that the government failed to prove that the loaded revolver was used in relation to his drug trafficking offense. When a criminal conviction is challenged on the grounds of insufficient evidence, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 11
 In this case, viewing the evidence in the light most favorable to the government, the trial court had sufficient evidence before it upon which to find defendant guilty of the firearm charge. 18 U.S.C. § 924(c)(1) provides in relevant part:
 
 
 12
 Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime, be sentenced to imprisonment for five years....
 
 
 13
 The terms "uses" and "carries" in section 924(c)(1) are to be construed broadly. See United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 493 U.S. 899 (1989). It is not necessary for the government to show that the defendant carried, brandished or displayed the firearm. Id. at 951. Rather, the government must establish some relationship between the firearm possessed by the defendant and the predicate drug trafficking offense. See United States v. Brown, 915 F.2d 219, 224 (6th Cir.1990). Even where a firearm remains hidden throughout a crime, its presence may be in relation to the crime, if it facilitated the crime by emboldening the defendant and gave him the security and confidence to commit the criminal act. Id.
 
 
 14
 Furthermore, section 924(c)(1) is not a specific intent offense. Id. at 225. Thus, in evaluating a conviction under section 924(c)(1), this court does not focus solely on the defendant's intentions as he engaged in the criminal conduct. Rather, the totality of the circumstances surrounding the commission of the crime are examined, and the conviction will be upheld if the possessor of the weapon intended to have it available for use during or immediately following the transaction or if it facilitated the transaction by lending courage to the possessor. Id. at 226. In this regard, this court has adopted the "drug fortress" theory, which holds that if it reasonably appears that firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction, then the firearms are used "during" and "in relation to" a drug trafficking crime. See United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989); see also United States v. Bronaugh, 895 F.2d 247, 251 (6th Cir.1990).
 
 
 15
 The evidence presented at trial clearly shows a connection between the revolver and the drug trafficking offense. First, as earlier stated, defendant did not contest the government's assertion that a drug transaction occurred. Second, defendant invited Officer Murphy into his house to complete the drug transaction. During the entire transaction the loaded revolver, even though partially concealed, was visible on the dining room table, within twenty feet from where the transaction took place. Further, the revolver was on the dining room table along with some of the drugs. Moreover, defendant admitted to the police that the revolver and marijuana were his and that the revolver was there to protect his home. Under these circumstances, it was entirely reasonable for the trial judge to conclude that the revolver was present either to facilitate the transaction or to protect the drugs, and, therefore, the revolver was used in relation to the drug trafficking offense.
 
 
 16
 Finally, defendant argues that his firearm conviction cannot be sustained because the fact pattern is similar to the situation in United States v. Feliz-Cordero, 859 F.2d 250, 254 (2nd Cir.1988). Defendant's reliance on the holding in Feliz-Cordero is misplaced, however, as that case is clearly distinguishable from the present case. In Feliz-Cordero, the police executed a search warrant on defendants' apartment and, in addition to a quantity of drugs, found a loaded .38 caliber revolver hidden in a dresser drawer. Id. at 252. The Second Circuit held that defendants did not "carry" the gun in relation to the drug trafficking offense, because there was no evidence that the gun was within reach of the defendants during the drug offense and that defendants did not "use" the gun in relation to the drug trafficking offense, because there was no evidence that they intended to use the gun during the commission of the offense or that it was strategically located so as to be quickly or easily available for use during the commission of the offense. Id. at 254.
 
 
 17
 The facts of the present case, however, show that defendant's revolver was within reach and was strategically located for quick and easy use during the commission of the drug offense. Not only was defendant's revolver located twenty feet away from where the drug transaction took place, it was also loaded and partially visible. Thus, there was sufficient evidence to support defendant's firearm conviction.
 
 III.
 
 18
 For the reasons stated, we hold that the district court correctly concluded that defendant's revolver was used in relation to his drug trafficking offense. Accordingly, as sufficient evidence does exist to support his conviction and sentence, the district court is AFFIRMED.
 
 
 
 *
 Honorable Joseph M. Hood, United States District Judge for the Eastern District of Michigan, sitting by designation